**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOE PERKINS, JR.,                                                                                    PLAINTIFF
ADC #149163

V.                                        5:18CV00173-DPM-JTK

WILLIAM STRAUGHN, et al.,                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.

P. Marshall Jr. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.    An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.    The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a

Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff Joe Perkins, Jr. is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction, who filed this pro se 42 U.S.C. § 1983 action alleging Defendants failed to protect him from harm by another inmate.

Having reviewed Plaintiff's Complaint, the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

### II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."    Id.

## III.    Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some

Constitutional right.    Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).    Plaintiff alleges that on October 16, 2017, Defendants Brown and Norwood escorted him back to his cell after his shower, and before they removed his handcuffs, inmate Burnell came out from hiding and attacked Plaintiff with a homemade weapon. (Doc. No. 2, p. 5) Plaintiff claims Burnell falsely told Defendants he was assigned to that cell, and that Defendants failed to follow policies and procedures to ensure Burnell was placed in the proper cell.    He also claims Defendants Crawford, Starks, and Straughn failed to abide by their supervisory duties to ensure that policies and procedures were correctly followed.

In order to support an Eighth Amendment claim for relief, Plaintiff must allege and prove that Defendants were deliberately indifferent to a substantial risk of serious harm.    Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). This requires Plaintiff to show that his incarceration "posed a substantial risk of serious harm, and ... Defendants actually knew of but disregarded, or were deliberately indifferent to, the health and safety of [Plaintiff].... A right is recklessly disregarded when a prisoner is exposed to a pervasive risk of harm and prison officials fail to respond reasonably to the risk." Cantrell v. Norris, No. 5:05CV00157JMM, 2010 WL 3927792, *4 (E.D.Ark.) In addition, a pervasive risk of harm "may not ordinarily be shown by pointing to a single incident or isolated incidents," Falls v. Nesbitt, 966 F.2d 375, 378 (8th Cir. 1992).

In this case, although Plaintiff alleges that Defendants failed to follow proper policies by accepting inmate Burnell's word that he resided in Plaintiff's cell, without further checking, Plaintiff does not allege an altercation history with Burnell, or that Defendants Brown and Norwood knew of Burnell's problems and knew of threats of harm to the Plaintiff.    Plaintiff admits that the attack on him was a surprise, and he does not allege that Burnell threatened him

prior to the incident or that Plaintiff requested that Burnell be placed on his enemy alert list. Furthermore, Plaintiff's allegations against Defendants Crawford, Starks, and Straughn are based solely on their supervisory positions, and he does not allege that they knew of a risk of harm to Plaintiff and deliberately disregarded it.    Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employees' allegedly unconstitutional actions.    See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).    A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.    Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

Plaintiff set forth these same allegations in Perkins v. Straughn, 5:18CV00038-BRW, and the Court dismissed his allegations for failure to state a claim on March 20, 2018.    In reviewing Plaintiff's amended complaint, the Court in that case noted that he did not meet his burden of pleading facts to show that his incarceration with inmate Burnell posed a substantial risk of serious harm, and that Defendants knew of that risk or acted with deliberate indifference to that risk. (Doc. No. 6) Similarly, in this case, Plaintiff has not alleged facts to support an Eighth Amendment claim against Defendants.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2    This dismissal be considered a "strike" within the meaning of the Prison Litigation

Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

    3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith.   28 U.S.C. § 1915(a)(3).

    IT IS SO RECOMMENDED this 11th day of July, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.